IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| PAUL HALE, | ) |
|         Plaintiff, | ) |
| vs. | ) |
| | ) CIVIL NO. 2010-9 |
| ATLANTIS SUBMARINE (ST. THOMAS) INC., and ATLANTIS SUBMARINE INTERNATIONAL, INC., | ) |
|         Defendants. | ) |

ORDER

Before the Court is Atlantis Submarine (St. Thomas) Inc.'s motion to compel plaintiff to answer deposition questions regarding prior criminal convictions. During plaintiff's March 10, 2011 deposition, plaintiff's counsel's instructed plaintiff not answer questions regarding his prior criminal convictions. Rule 30(c)(2) of the Federal Rules of Civil Procedure provides, however, that a person may be instructed not to answer a question only when it is necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)[1]. None of these reasons under Rule 30(c)(2) applies here to justify that instruction, and plaintiff acknowledges that his conduct may not have comported with the Rules.

Federal Rule of Civil Procedure 26(b)(1) provides that discovery may be obtained regarding any non-privileged matter that is relevant to any party's claim or defense. The Rule further provides that "[r]elevant information need not be admissible at trial if discovery appears reasonably calculated to lead to discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

---

[1] Rule 30(d)(3) provides that at any time during a deposition, a deponent or party may move to terminate or limit the deposition on the ground that it is being conducted in bad faith, or in manner that unreasonably annoys, embarrasses, or oppresses the deponent or party.

*Hale v. Atlantis Submarine (St. Thomas) Inc. et al.*
Civil No. 10-09
Page 2 of 2

Rule 609(a) of the Federal Rules of Evidence provides that evidence of conviction of a crime may be admissible, subject to the limitations of Rule 403, for the purpose of attacking the character for truthfulness of a witness, including plaintiff here. As such, defendant is entitled under Rule 609 to inquire during deposition regarding criminal convictions, as the question of ultimate admissibility will be decided at a later stage.

Defendant also moves for costs and fees pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure. This Rule makes such a sanction mandatory, except defendant has not submitted evidence of the reasonable expenses and the attorney's fees incurred in bringing the motion. Thus, the Court has no basis for determining the amount of any such sanction.

Accordingly, it is hereby

ORDERED that defendant's motion to compel responses to deposition questions regarding plaintiff's prior criminal convictions is GRANTED; and it is further

ORDERED that defendant's motion for fees and costs under Rule 37(a)(5)(A) is DENIED without prejudice. Defendant may seek such an award subject to defendant's submittal of evidence of the attorney's fees and reasonable costs incurred in bringing the motion, and to plaintiff's right to respond thereto.

S\_____
**RUTH MILLER**
United States Magistrate Judge